**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK JAMES KITLAS,

          Petitioner-Appellant,

  v.

F. B. HAWS,

          Respondent-Appellee.

No.   16-56575

D.C. No.
2:08-cv-06651-GHK-LAL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted August 7, 2018
Pasadena, California

Before: McKEOWN, CALLAHAN, and NGUYEN, Circuit Judges.

    Patrick Kitlas appeals from the district court's denial of his § 2254 petition

challenging the state prosecutor's use of peremptory strikes to remove both

African-Americans from the jury pool in Kitlas's trial.  Kitlas alleges a violation of

his rights under the Equal Protection Clause of the Fourteenth Amendment to the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S. Constitution, as recognized in *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny. We affirm.[1]

**1.** Kitlas's challenge to the recusal of Juror 8053 is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d). Pursuant to AEDPA, to obtain relief in a federal court Kitlas must show that the state court decision was contrary to clearly established federal law or was based on an unreasonable determination of facts. *Id.* The district court determined that Kitlas's challenge to Juror 8053 had been fully considered by the state appellate court. The prosecutor explained that she had excused Juror 8053 because he had not informed the police when he had been the victim of armed robbery. This ground was accepted by the state courts and the district court as a legitimate race-neutral reason for recusal. Kitlas has not shown that the state courts' acceptance of this ground for excusing Juror 8053 was unreasonable or that the ground was a pretext for racial discrimination, and thus he has not met his burden of showing that this determination was contrary to clearly established federal law or an unreasonable determination of the facts.

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

**2**. The district court found that the state appellate court applied an unconstitutional stringent standard when denying Kitlas relief as to Juror 7243, and therefore it reviewed Kitlas's claim de novo. *See Johnson v. California*, 545 U.S. 162, 173 (2005); *Shirley v. Yates*, 807 F.3d 1090, 1101 (9th Cir. 2015). The district court held an evidentiary hearing. The prosecutor had no independent recollection of voir dire, but testified, based on the record, that she excused Juror 7243 because the juror worked with victims of government oppression and with Amnesty International. The district court concluded that this was a valid, race-neutral reason for recusal.

The district court's denial of the writ is reviewed de novo and its factual findings are reviewed for clear error. *Crittenden v. Ayers*, 624 F.3d 943, 954 (9th Cir. 2010). The district court considered the totality of the relevant facts including the selection of jurors in Kitlas's co-defendant's trial and the prosecutor's testimony. *See Kesser v. Cambrai*, 465 F.3d 351, 359-60 (9th Cir. 2006) (en banc). The prosecutor did not merely speculate, *see Paulino v. Harrison*, 542 F.3d 692, 699 (9th Cir. 2008), but made assertions "supported by circumstantial evidence that tends to show that the asserted reasons were in fact the actual reasons for the strike." *Shirley*, 807 F.3d at 1104. Kitlas has not shown that the district

court's determination that the prosecutor offered a legitimate race-neutral reason is error as a matter of fact or law.

A defendant attacking a peremptory challenge bears the ultimate burden of proving by a preponderance of the evidence that the challenge was improper. *Shirley*, 807 F.3d at 1107. Kitlas has not met this burden. The district court's denial of Kitlas's petition is **AFFIRMED**.